UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| XUFU XIAMEN E-COMMERCE CO., LTD | )<br>)<br>) |
| *Plaintiff,* | )<br>) CASE NO. 1:26-cv-1702<br>) |
| v. | ) JURY TRIAL DEMAND<br>)<br>) |
| SHENZHEN STARKLINK NETWORK TECHNOLOGY CO., LTD | )<br>)<br>)<br>) |
| *Defendant.* | ) |

**COMPLAINT**

Plaintiff XUFU XIAMEN E-COMMERCE CO., LTD ("Plaintiff", phonetic name "Xufu Xiamen Dianzi Shangwu Youxian Gongsi"), by and through its undersigned counsel, brings this action against Defendant SHENZHEN STARKLINK NETWORK TECHNOLOGY CO., LTD ("Defendant"), seeking declaratory judgment of non-infringement of U.S. Design Patent No. D905,385 S, and alleges as follows:

**INTRODUCTION**

1. This is an action for declaratory judgment of non-infringement under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, arising from Defendant's assertion that Plaintiff's knit ballet flat shoes infringe U.S. Design Patent No. D905,385 S.

2. On or about December 22, 2025, Plaintiff received a notification through the Walmart Service Portal stating that Plaintiff's product listings for its knit ballet flat shoes were removed based on an intellectual property infringement complaint submitted by Defendant with Walmart, (Exhibit 1 Walmart Notification re the Alleged Infringement Complaint), (Exhibit 2 Plaintiff's product pictures) alleging infringement of the U.S. Design Patent No. D905,385 S (Exhibit 3, the "D'385 Patent")

3. Generally, Walmart request Plaintiff that reinstatement of the removed listings

would require a US court order or other judicial determination confirming that Plaintiff's products do not infringe the asserted patent rights.

4. Defendant's infringement complaint to Walmart has caused and continues to cause substantial and immediate harm to Plaintiff, including loss of sales, loss of goodwill, and loss of access to Plaintiff's primary U.S. sales channel.

5. Defendant's infringement allegations are without merit. Plaintiff's knit ballet flat shoes are manufactured and sold based on an authorized design payment that was approved by USPTO (US D1062172 S, attached as Exhibit 4), and do not infringe the Defendant's ornamental design claimed in the D'385 Patent under the applicable legal standard.

## NATURE OF THE ACTION

6. This action seeks a declaratory judgment that Plaintiff's knit ballet flat shoes do not infringe, directly or indirectly, literally or under the doctrine of equivalents, the D'385 Patent.

7. This action is brought pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United States, 35 U.S.C. § 1 et seq.

## PARTIES

8. Plaintiff XUFU XIAMEN E-COMMERCE CO., LTD is a company organized under the laws of the People's Republic of China, with its principal place of business in Xiamen, China. Plaintiff sells knit ballet flat shoes in the United States through the Walmart online marketplace under the storefront name "**AOMAIS SHOES**."

9. Upon information and belief, Defendant SHENZHEN STARKLINK NETWORK TECHNOLOGY CO., LTD is a corporation organized under the laws of P. R. China, with its principal place of business in Shenzhen, China.

10. Pursuant to the USPTO record, the right owner of the Design Patent No. D905,385 S is STARWE GLOBAL HOLDING INC. Defendant is not the right owner but filed the infringement complaint against the Plaintiff with Walmart in connection with the Design Patent No. D905,385 S, Defendant has not yet provided any documents to prove its rights to Design Patent No. D905,385 S.

## JURISDICTION AND VENUE

11. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202 because this action arises under the patent laws of the United States.

12. An actual, immediate, and justiciable controversy exists between the parties concerning whether Plaintiff's knit ballet flat shoes infringe the D'385 Patent under 28 U.S.C. §§ 2201 et. seq. Also, Defendant's action has caused and continue to cause significant harm to Plaintiffs as the Plaintiff's product listing of knit ballet flat shoes have been removed from Walmart through the enforcement of D'385.

13. Defendant has affirmatively asserted the D'385 Patent against Plaintiff by submitting infringement complaints to Walmart, resulting in the removal of Plaintiff's listings.

14. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Plaintiff's products is sold to customers located in this District through Walmart.

15. This Court has personal jurisdiction over Defendant because Defendant has purposefully targeted sellers operating in the US including this District.

## PLAINTIFF'S KNIT BALLET FLAT SHOES

16. Plaintiff designs, manufactures, markets, and sells women's knit ballet flat shoes (the "Accused Products") through the Walmart marketplace, based on an authorized design payment that was approved by USPTO (US D1062172 S, attached as Exhibit 4) .

17. The Accused Products are knit ballet flats featuring a knit upper structure and a visual appearance emphasizing textile texture, lightweight construction, low block heel, and a ballet-flat silhouette.

18. Plaintiff has invested substantial resources in developing, manufacturing, and marketing the Accused Products based on the authorized design payment that was approved by USPTO (US D1062172 S).

19. The Walmart marketplace constitutes one of Plaintiff's primary channels of trade into the United States.

20. Defendant's infringement complaint caused Walmart to remove Plaintiff's listings for the Accused Products on or about December 22, 2025, and has deprived Plaintiff of its ability to compete in the U.S. marketplace and caused significant loss to the Plaintiff

### U.S. DESIGN PATENT NO. D905,385 S

21. The D'385 Patent is entitled "Shoe" and was issued on December 22, 2020.

22. The D'385 Patent claims "[t]he ornamental design for a shoe, as shown and described."

23. The scope of the claimed design is defined solely by the drawings of the D'385 Patent and the overall visual impression created by those drawings.

### COUNT I

(DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. DESIGN PATENT NO. D905,385 S)

24. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 23 as if fully set forth herein.

25. An actual, continuing, and justiciable controversy exists between Plaintiff and Defendant concerning whether the Accused Products infringe the D'385 Patent.

26. Defendant has accused Plaintiff's Accused Products of infringing the D'385 Patent by submitting infringement complaints to Walmart and causing the removal of Plaintiff's listings.

27. Plaintiff's Accused Products do not infringe the D'385 Patent under the applicable ordinary observer test.

28. An ordinary observer, familiar with the prior art designs for footwear, would not be deceived into believing that Plaintiff's Accused Products are the same as, or substantially the same as, the design claimed in the D'385 Patent.

29. The overall visual impression created by Plaintiff's Accused Products is materially different from the overall visual impression created by the design claimed in the D'385 Patent, including, without limitation:

    a. the prominent knit upper texture and textile-based surface appearance of the Accused Products;

    b. the visual emphasis on lightweight, knitted construction throughout the upper;

    c. the distinct ballet-flat proportions and toe configuration of the Accused Products; and

    d. the different appearance of the opening, edge structure, and upper contour of the Accused Products.

30. By contrast, the design claimed in the D'385 Patent presents a different overall

visual impression, including a non-knitted upper appearance, no heel and a different ornamental presentation of the shoe body.

31. Prior to the filing of the asserted D'385 Patent, numerous footwear designs, including knit and woven flat shoes, were already publicly available and sold in the marketplace. For example, before the filing of the D'385 Patent, knit and woven flat shoe designs were publicly offered for sale, including footwear products sold in or about September 2019 that prominently featured woven or knitted upper constructions and a flat, low-profile shoe silhouette. Such prior publicly available designs further demonstrate that the relevant design space was crowded at the time of the asserted design (Exhibit 5).

32. As a result, the field of footwear design is highly crowded. An ordinary observer familiar with such prior footwear designs would readily perceive even relatively small visual differences between competing designs, and such differences are sufficient to avoid infringement. In light of the crowded nature of the prior art and the material differences in overall visual impression, Plaintiff's Accused Products do not fall within the scope of the design claimed by the D'385 Patent.

33. Also, Plaintiff's knit ballet flat shoes are manufactured and sold based on an authorized design payment that was approved by USPTO (US D1062172 S), which present obvious difference D'385 Patent under the legal standard of ordinary observer.

34. Accordingly, Plaintiff's Accused Products do not infringe, either directly or indirectly, literally or under the doctrine of equivalents, the D'385 Patent.

35. Defendant's baseless infringement complaints to Walmart have created an immediate and real commercial harm and potential litigation.

36. Pursuant to 28 U.S.C. § 2201, Plaintiff seeks a judicial declaration that Plaintiff's Accused Products do not infringe the D'385 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in its favor and against Defendant as follows:

A. Declaring that Plaintiff's knit ballet flat shoes do not infringe U.S. Design Patent No. D905,385 S, either directly or indirectly, literally or under the doctrine of equivalents;

B. Ordering Defendant to withdraw any infringement complaints previously submitted to Walmart concerning Plaintiff's Accused Products based on the D'385

Patent;

C. Preliminarily and permanently ordering Defendant to refrain from lodging any further infringement complaints regarding the same in any retail platform, marketplace, or courts;

D. Finding this case exceptional and awarding Plaintiff its reasonable attorneys' fees, expense, and costs incurred in this action pursuant to 35 U.S.C. § 285;

E. Awarding Plaintiffs damages due to Defendant's improper acts, doubled and/or trebled due to the willful and exceptional nature of the case;

F. Awarding Plaintiffs compensatory, general and special, consequential and incidental damages in an amount to be determined at trial;

G. Awarding Plaintiffs exemplary, punitive, statutory, and enhanced damages;

F. Awarding pre-judgment and post-judgment interest; and

G. Granting such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: Feb 15, 2026

Respectfully submitted,
/s/ GUO Zhihui
Attorney No. 4766705
JS Law Office
200 E 36th Street,
New York, NY, 10016
Tel: (917) 773-1868
Email:sellersusip@gmail.com